## No. XXXIV.

### SAMUEL SHARPE V. THE REPUBLIC OF TEXAS.

*Appeal from Jackson County.*

OCHILTREE, JUSTICE.—Samuel Sharpe, having proved before the board of land commissioners of Jackson County that he was a resident citizen at the date of the declaration of independence, a single man, and had actually engaged in the service of his country pending the revolution, having been present at the taking of San Antonio and at the battle of San Jacinto, was allowed a certificate for one-third of a league of land. Subsequently and within the time prescribed by law he married, and thereby became entitled to an augmentation of two-thirds of a league and one labor of land. The woman whom he had married had arrived in this Republic after the 1st day of January, 1837, and was the head of a family; and in her own right, anterior to her marriage with Sharpe, received a certificate under the twenty-fourth section of the land law for 1280 acres of land. When Sharpe after his marriage applied to the board for his augmentation, they insisted on deducting from the two-thirds of a league and labor to which he was entitled, the quantity of land for which his wife had, previously to marriage, received her certificate. From this decision the plaintiff appealed to the district court, where, strange to say, the judgment of the commissioners was not only reversed, but Sharpe was decreed to recover nothing by his suit. From this judgment the plaintiff took an appeal to this court. In this state of case, it becomes our duty to render such judgment as should have been rendered by the court below. The board of commissioners should have issued the plaintiff a certificate for the full quantum of land authorized by the twenty-third section of the land law, passed December 14, 1837, viz., two-thirds of a league and one labor. That section contains the only exceptions to the rule, viz: that its provisions should apply to those only who have contributed to the support and defense of the country; that the additional quantity shall not be allowed to any whose wife has received a league of land from the government. Neither exception applies in this case. The judgment of the court below must be set aside. It is therefore ordered, adjudged and decreed, that the plaintiff, Samuel Sharpe, recover of the Republic of Texas an augmentation of two-thirds of a league and one labor of land, and that the judgment of this court be certified to the District Court of Jackson County, and that the clerk of

---

[2] Quo warranto is a legal proceeding by the State to determine the right of an office or franchise, and to oust or forfeit. As a general rule, it can only be sued out in the name of the State by its prosecuting officer. It is also used to ascertain whether an individual has authority to exercise official functions. Ex parte Colin De Bland, Dal., 406; Bradley v. McCrabb, Dal., 504; Wright v. Allen, 2 T., 158; State v. S. P. Ry. Co., 24 T., 80; Grant v. Chambers, 34 T., 573; Brennan v. Weatherford, 53 T., 330; State v. De Gress, 53 T., 387; Farmer v. State, 69 T., 561; Wallace v. Anderson, 5 Wheat., 291;

said district court be ordered and directed to issue to said Samuel Sharpe a certificate, in due form of law, for said amount of land.

*Reversed and rendered.*